## UNION PAVING AND CONTRACT COMPANY v. MOWRY.

S. F. No. 2069; September 17, 1902.

70 Pac. 81.

**Ostensible Agency.**—Evidence in an Action for Labor Done in Street Paving that defendant told plaintiff, who was negotiating with her to do street paving for her, that all street work was arranged by A, and the fact that A executed another contract with plaintiff, as defendant's agent, for such kind of work, which she recognized, justifies a finding that A, in making and modifying such a contract, had ostensible agency, defined by Civil Code, section 2300, to be when the principal causes a third person to believe another to be his agent.

APPEAL from Superior Court, City and County of San Francisco; John Hunt, Judge.

Action by the Union Paving and Contract Company against Ellen M. Mowry. Judgment for plaintiff. Defendant appeals. Affirmed.

R. Percy Wright for appellant; D. H. Whittemore for respondent.

HARRISON, J.—The plaintiff brought this action to recover for the labor done in paving with bituminous rock a

portion of a public street under a contract between the defendant and one Reed, and by him assigned to the plaintiff. The execution of the contract, as well as its performance by the plaintiff, was denied by the defendant. The cause was tried by a jury and a verdict rendered in favor of the plaintiff. From the judgment entered thereon, and from an order denying a new trial, the defendant has appealed.

1. The contract on the part of the defendant was signed, ''Ellen M. Mowry, by Chas. Alpers.'' There was no evidence that Alpers had express authority from her to sign the contract, but evidence was presented to the jury which the plaintiff claimed created an ostensible agency, and showed that he had implied authority to sign the contract. It was shown that Alpers had been residing in the same house with the defendant and her mother for many years, during which time he had been accustomed to take part in making contracts in her behalf for street work; that several contracts for doing street work in front of or adjacent to the property of the defendant had been made in her behalf; and that, with two exceptions, all of these contracts had been made by Alpers, and signed by him in the same manner as was the present one. Mr. Reed, the plaintiff's assignor, testified that several of these contracts had been made with him, and that all of the business that he had transacted in regard thereto for the property of the defendant had been with Mr. Alpers; that he had had several conversations with her about street work, and that she then referred him to her mother or to Mr. Alpers, saying that these matters were all fixed or arranged by Mr. Alpers; that for one of these contracts the defendant had given him her notes; and that the same were afterward paid by Alpers. It was also shown that, at the same time that the contract in question was made, another contract on her behalf for street work upon an adjacent block was made with Mr. Reed, and signed by Alpers in the same manner as the one in suit; that at that time Reed made a ''side agreement'' with her respecting the time for doing the work and the payment therefor, and delivered the same to Alpers; that, the work named in the other contract not having been completed, the defendant some months afterward recognized the validity of this contract by send-

ing a written notice to Reed that he complete the same according to its terms, in which she referred to the contract as "our contract," and as having been "made and entered into between you and myself." The defendant was a witness in her own behalf, and did not contradict the testimony of Reed, or state that she had not given to Alpers authority to make the contract. Mr. Alpers was a witness in behalf of the defendant, and testified that he negotiated with Mr. Reed with reference to this contract, and signed the same for the defendant, and he did not testify that he did so without her authority. Under this evidence the jury was authorized to find an ostensible agency in Alpers, within the terms of section 2300 of the Civil Code, and that he had an implied authority from her to make the contract.

2. The contract provided that the gutters should be paved with basalt blocks, but that, in the event of the city not allowing such gutters, the city specifications should be adopted. In the ordinance prescribing the manner of performing street work, which was offered in evidence, no mention is made of stone gutters where the roadway or street is to be paved with bituminous rock. After the contract had been entered into, a resolution was passed by the board of supervisors directing Mr. Reed to omit the construction of the basalt block gutters thereon. This resolution was afterward repealed before the work was commenced. Evidence was offered on behalf of the plaintiff to the effect that thereafter an agreement was entered into between Mr. Reed and Mr. Alpers for the modification of the contract by omitting therefrom the basalt gutters, and deducting $25 from the agreed price for the work. Testimony was offered on behalf of the defendant in contradiction of this evidence; but, upon this conflict of evidence, we are not at liberty to disregard the verdict of the jury, and it must be assumed in this court that such agreement was made. The work was thereupon completed to the satisfaction of the superintendent of streets, and the street was afterward accepted by the board of supervisors. The authority of Alpers to make such agreement was the same as his authority to make the original contract. The statement of the defendant to Reed that all street work was arranged by Alpers included such modification, and justified him in acting thereon. It must be held, therefore, that per-

formance of this part of the contract was waived by the parties.

The judgment and order are affirmed.

We concur: Van Dyke, J.; Garoutte, J.